These cases will be called, as previously announced, and the times will be as allotted to counsel. The first case today is number 161014, United States v. Carlos Alberto Soto-Llera. Thank you. Good morning. Good morning, Your Honors. Are you counsel for the defendant? I am, yes. All right. What is the status of the situation? Well, we filed a motion for voluntary dismissal on Friday, Your Honor. I couldn't get the appellant's signature then. He was not made available to me. I expect to have him sign his motion this week, and I'll file the signed motion this week, Your Honor. Have you spoken to him about this? Yes, I spoke to him. His trial attorney also spoke to him, and he corroborated to her his desire to have the case, the appeal, voluntarily dismissed. Okay. Do you agree with what we did? Could I ask one question? Yes. Is the theory that if he were successful on appeal that this would invalidate the plea agreement and that he would be placed in jeopardy of being prosecuted on count three after that? That's part of the concern, yes, Your Honor. What's the government's position about that? Please speak loudly. We have no objection to the defense's motion, Your Honor. We agree that it would be a breach of the plea agreement and that he would face sentencing for count three as well, Your Honor. If I may, count three was the dismissed count according to the plea agreement, which would have subjected the appellant to a minimum sentence of 30 years. He is now serving a total sentence of nine years, of which he has already served five. Just so I understand, so the other count, how many counts are we talking about? There were four charges, four counts. He was convicted and sentenced for three of them. One of them, count three, was dismissed. That's the count that would have exposed him to a 30-year sentence at minimum. And when the government says that he'd face resentencing for that, wouldn't he also have to be first prosecuted for it if it was dismissed? And the government's intention is despite having dismissed it once that they now would prosecute him for it? Yeah. Your Honor, if it's the same offense conduct, if double jeopardy is found, then the state court – Can you speak louder, please, into the mic? The state court conviction would support the 924C charges, so we would then be able to proceed on those charges for counts three and counts four. Obviously, there would be the opportunity for another plea agreement, but with counts one and two off the table, it would be a different plea scenario, Your Honor. Is the theory that if the conviction for possession were reversed, that there would be a mutual mistake in the plea agreement because there was a thought that these charges would not be barred by double jeopardy? Is that the theory? It could either be a mutual mistake or a breach of the plea agreement on defense's part, Your Honor. Okay. But what would be the breach on defense's part other than mutual mistake? Did they agree not to – because of the appeal waiver? Yes, Your Honor. It would be a breach to try to move from the fundamental terms of the plea agreement, which includes counts one, two, and four, and that was the reason that three was dismissed. I guess what – is there a case saying that if one count that's in the plea agreement is invalidated, that that provides the government with a basis for setting aside the entire plea agreement? I don't have a case with me right now, Your Honor, but I could file a 28-J if you'd like. I'm unaware of such a case, but then again, I didn't look for one. Well, I guess the thrust of the questions is your only reason for wanting to dismiss the appeal, as I understand it, is because of your impression that if you were to succeed, they could re-prosecute you on the dismissed counts and impose a higher sentence. Is that right? I'm not so concerned as – about the dismissed – what would be the dismissed counts as much. So what are the ones that you've pled guilty – what is in the plea agreement? It's the one you're challenging plus what, one other count? Yes. Okay. And that count carries a sentence of what, the other count, the one that you're worried about? A 30-year minimum. And under the – Mandatory. Mandatory minimum, 30 years, and it doesn't require – it doesn't depend on counts one and two being prosecuted. But I'm saying that count – you have pled to that count? The 30-year one? Yeah. No. That's what I'm saying. So the only way that comes back is if they were re-prosecuted for it, right? Yes. And that's the only one you're worried about? Yes. Okay. And what I guess we're trying to find out is, is it clear the government can re-prosecute you for that if you win on your appeal? I'm not sure it's an absolute certainty, Your Honor, but we don't want to take any risks, especially considering that prevailing in this appeal would not reduce the appellant sentence. That's – there's no reward and some risk. I thought the sentence on the challenge count was one year and that that was consecutive. Is my memory wrong about that? One year for counts one and two, which was consecutive, for which count four – So one and two were concurrent? The sentence on one and two were concurrent? Were concurrent with each other and with the Commonwealth sentence that the appellant was serving and has already served. Okay. So the point is that even if he succeeds on appeal, it doesn't affect the sentence? Exactly, Your Honor. But it removes one conviction just from the record? Yes. I think it would be helpful if you could – count that carries the 30-year mandatory minimum. Notwithstanding all that's transpired already, to me it would be helpful to get the government's view as to why you think you have that legal position and whether you as defense counsel are agreeing with the position that they have that legal right, or if you contest it, what your reason for thinking they can't is. Do you follow? I do. But it seems to me the only reason that you're saying that it's important to withdraw the appeal is because there is some legal risk of that count being prosecuted. If there were no such legal risk, you don't have any reason for stopping the appeal. Is that right? Yes. Your Honor, they also asked for relief on count four. He asked for it to be remanded for resentencing. So even if count three doesn't come back on the table and there's resentencing for count four, he could get a higher sentence for that, considering the new nature of the case. But that would only be true if the plea agreement were set aside, right? There's no need for resentencing if the plea agreement is not set aside. Yes, Your Honor. We're going to have a short recess. All rise. Thank you. Back in session. We're not going to hear argument in this case today. We're going to issue an order requesting further briefing on the pending issue, and then we will decide whether the case will be heard on the merits or not. Thank you. Did I leave anything? Oh, yes. You should inform your client the situation. I will, Your Honor. Thank you.